990 So.2d 589 (2008)
Jeannette C. HALL, Appellant,
v.
AMERICAN HERITAGE LIFE INSURANCE CO., Appellee.
No. 5D07-1154.
District Court of Appeal of Florida, Fifth District.
August 8, 2008.
Shannon McLin Carlyle, Roy B. "Skip" Dalton, Jr., and Christopher V. Carlyle of The Carlyle Appellate Law Firm, The Villages, for Appellant.
T. Geoffrey Heekin and N. Mark New, II, of Heekin, Malin, Wenzel & New, P.A., Jacksonville, for Appellee.
LAWSON, J.
Jeannette Hall appeals from a final summary judgment entered in favor of American Heritage Life Insurance Company ("AHL"), dismissing her suit for disability benefits based upon a finding that Hall misrepresented a material fact on her insurance application. The trial court found that the application clearly and unambiguously *590 required Hall to disclose any medical or surgical procedure that had been recommended by a doctor at any point during her lifetime, and not performed.[1] It is undisputed that Hall did not disclose any recommended medical procedures on her insurance application, although a doctor had recommended that she undergo a hysterectomy at some point in time prior to her application. At oral argument, counsel for AHL properly conceded that the application could also reasonably have been read as requiring Hall only to disclose medical or surgical procedures being recommended at the time of the application, but not yet performed. See Graham v. Lloyd's Underwriters at London, 964 So.2d 269, 274 (Fla. 2d DCA 2007) ("Ambiguities in an application for insurance are construed liberally in favor of the insured and strictly against the insurer who prepared the policy.") (citation omitted). Given this concession, and because a factual dispute appears to exist regarding whether Hall had a pending recommendation for a hysterectomy at the time she applied for the AHL disability policy, it is clear that summary judgment should not have been granted. See id. ("Whether ... answers to questions on [an] application for insurance constituted misrepresentations is normally a question for the finder of fact."). Therefore, we reverse the final judgment and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
PALMER, C.J., and EVANDER, J., concur.
NOTES
[1] This would include, for example, a minor procedure recommended for Hall as a child, but not performed decades earlier, or a caesarean section recommended for a woman who elected against the procedure and gave birth without incident years or decades earlierin other words, matters with little or no apparent relevance to AHL's underwriting decision.